UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SAMANTHA PIKE and<br>NATASHA IRVING,<br><br>      Plaintiffs,<br><br>      v.<br><br>CHARLES F. BUDD, JR. in his<br>Individual capacity,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:22-cv-00360-LEW |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

On June 14, 2023, I issued an order granting Defendant Charles Budd's motion to dismiss after concluding that Plaintiff Samantha Pike's § 1983 equal protection sexual harassment claim was undermined as a matter of law by the qualified immunity doctrine. Decision on Defendant's Motion to Dismiss (ECF No. 23).[1] Although I regarded the existence of state action to be uncertain, I assumed for purposes of my ruling that Pike alleged sufficient facts to state a claim of sexual harassment.  My qualified immunity determination primarily turned on the fact that Pike is employed by a private entity rather than the state, but also on the facts that Budd's behavior was limited to verbal harassment and circuit court opinions in analogous cases are exceedingly rare (and non-existent in this Circuit), all of which suggested to me that the ability of the Equal Protection Clause to

---

[1] In the Order I also dismissed the equal protection claim of Plaintiff Natasha Irving.  Plaintiff Irving did not request reconsideration or appeal the dismissal of her claim.

1

reach the circumstances of this case was not (and is not) clearly established. My ruling was also informed by a desultory briefing effort on the Plaintiff's part in relation to the qualified immunity concern.

The matter is now before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 23) and Motion for Leave to Amend (ECF No. 30). Because Plaintiff has also filed a Notice of Appeal (ECF No. 24), I presently lack the jurisdiction to award the relief requested by Plaintiff, but I am authorized to either deny the motions or issue an "indicative ruling" stating that I would grant the motions if the First Circuit remanded the case for that purpose. *See* Fed. R. Civ. P. 62.1.

Based on my reconsideration of the arguments presented and certain authorities[2] cited in Plaintiff Pike's more helpful post-judgment filings, I am persuaded that the pivotal issue is not, strictly speaking, Plaintiff Pike's employment status, but rather Defendant Charles Budd's supervisory authority over Pike's employment. Nonetheless, these two considerations bear a strong connection to one another, given that Plaintiff's employment with a private entity impacts whether Defendant would be on notice that constitutional jurisprudence makes him a supervisor in the shared work setting.

I also acknowledge that, unlike with due process cases, a plaintiff in an equal protection case does not need to stand on a government-derived right, such as a right associated with public employment, in order to assert a claim. *See, e.g.*, *Kando v. Rhode*

---

[2] *See Johnson v. Martin*, 195 F.3d 1208, 1217 (10th Cir. 1999); *Ebelt v. Cnty. of Ogemaw*, 231 F. Supp. 2d 563, 569-70 (E.D. Mich. 2002); *cf. O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 721-22 (1996).

*Island State Bd. of Elections*, 880 F.3d 53, 58-59 (1st Cir. 2018).  Equal protection claims, like first amendment claims, are not conditioned on the plaintiff's ability to show harm to an interest protected under state law the way many due process claims are.  *See*, *e.g.*, *Harron v. Town of Franklin*, 660 F.3d 531, 537 (1st Cir. 2011) (addressing both due process and equal protection claims); *see also*, *cf. O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 721-22 (1996) (recognizing that the distinction between government employees and independent contractors has "deep roots in our legal tradition," but "see[ing] no reason … why" a first amendment claim "should turn on the distinction").

A plaintiff with an equal protection claim also does not necessarily have to demonstrate that the Defendant engaged in an affirmative exercise of authority designed to undermine the plaintiff's employment status (such as in cases of quid pro quo sexual harassment or retaliatory adverse employment measures).  Workplace harassment by a supervisor, if severe or pervasive, is itself a material modification of the terms and conditions of employment, and a more proactive effort on the part of a supervisor to undermine a plaintiff's employment prospects through adverse action is not necessary for a harassment claim to be viable.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (Title VII); *see also Lipsett v. Univ. of Puerto Rico*, 864 F.2d 881, 897 (1st Cir. 1988) (equal protection sexual harassment claim borrows Title VII standard for liability).

Furthermore, the rarity of circuit court opinions addressing analogous cases of state-actor harassment of a private-entity's employee—and the near ubiquity of opinions addressed to state-actor-on-state-employee harassment—does not necessarily compel the conclusion that the underlying legal principles that inform this case are not clearly

3

established or are subject to debate. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017) ("It is not necessary … that the very action in question has previously been held unlawful." (quotation marks omitted)).

Nevertheless, this is an employment case and thus the issue remains whether precedent in this area teaches that a reasonable official in Defendant Budd's position would apprehend that directing unwelcome sexual advances toward a person in Plaintiff Pike's position would offend the Equal Protection Clause and thereby give rise to liability under the Constitution of the United States through 42 U.S.C. § 1983. I remain persuaded that, notwithstanding Plaintiff's desire to plead additional "facts" in an effort to characterize a judge as the supervisor of everyone whose work brings them to the courthouse, that contention is, at best, subject to debate and, consequently, Defendant is shielded by qualified immunity. Indeed, many if not most judges[3] would regard professionals such as counselors to be like other private professionals who work in the courthouse (e.g., attorneys), on approximately symmetrical footing from an employment standpoint who plainly are not subordinates subject to their supervisory oversight. It is not obvious to me from the authority filed over several installments that apparent supervisory authority, if such a thing exists, rooted exclusively in a subjective belief that a judge's authority is

---

[3] In my Decision on Defendant's Motion to Dismiss, I explained that I was not requiring Plaintiff to identify precedent involving a judge. Decision at 18 n.11. However, at present Plaintiff is seeking to amend her complaint to suggest that a state district court judge has paramount supervisory authority over a drug court counselor whose employer has a contract with the State. For this reason, it appears to be necessary to focus the inquiry on the clarity of the law regarding judicial oversight of private professionals who work in the courthouse.

without end, is the equivalent of a judge's actual legal supervisory role over employment subordinates, necessary to support the beginnings of a constitutional claim.

## Conclusion

For the foregoing reasons, the Motion for Relief from Judgment is DENIED.

Dated this 23rd day of August, 2023.

                                              /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE