# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SAMANTHA PIKE and NATASHA IRVING | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Civil Action No. 1:22-cv-00360-LEW ) |
| CHARLES F. BUDD, JR., in his individual capacity, | ) ) ) ) |
| Defendant | ) |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Charles F. Budd, Jr., answers Plaintiff's Second Amended Complaint as follows:

### INTRODUCTION

1. Paragraph 1 of the Second Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 1 includes factual allegations, they are denied.

2. Defendant admits that at a point in time, he oversaw a branch of the Maine District Court's Adult Treatment and Recovery Courts ("treatment court"). Defendant denies the remaining allegations contained in Paragraph 2 of the Second Amended Complaint.

### THE PARTIES

3. Defendant denies the allegations contained in Paragraph 3 of the Second Amended Complaint and therefore denies the same.

1

4. Defendant admits that he resides in the City of Bangor, County of Penobscot, and State of Maine and that he is sued in his individual capacity. Defendant denies the remaining allegations contained in Paragraph 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Second Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 5 includes factual allegations, they are denied.

6. Paragraph 6 of the Second Amended Complaint states a legal conclusion to which no responsive pleading is required. To the extent Paragraph 6 includes factual allegations, they are denied.

## FACTS

**A.   Mrs. Pike's Rold on the Treatment Court Team and Judge Budd's Supervision**

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Second Amended Complaint and therefore denies the same.

8. Defendant admits the allegations contained in Paragraph 8 of the Second Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Second Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Second Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendant denies that he had authority to fire Mrs. Pike from the team. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Second Amended Complaint and therefore denies the same.

15. Defendant denies that he also had controlling influence over whether Wellspring remained the court's treatment provider. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Second Amended Complaint and therefore denies the same.

16. Defendant denies the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. Defendant admits he could revoke treatment court participants. Defendant denies the remaining allegations contained in Paragraph 17 of the Second Amended Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Second Amended Complaint and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Second Amended Complaint and therefore denies the same.

**B. Judge Budd Sexually Harasses Mrs. Pike at a Work Conference**

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Second Amended Complaint and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Second Amended Complaint and therefore denies the same.

22. Defendant admits that on occasion he brought members of the team donuts on Wednesdays.  Defendant denies the remaining allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Second Amended Complaint because the male employee did not ask for Boston cream donuts.

24. Defendant admits the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Defendant admits that team members exchanged cell numbers.  Defendant denies the remaining allegations contained in Paragraph 26 of the Second Amended Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Defendant admits that he chatted with Mrs. Pike a few times throughout the evening. Defendant is without knowledge as to what she noted and therefore denies.

30. Defendant admits the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Second Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Second Amended Complaint.

33. Defendant admits that Mrs. Pike walked with him to the elevator when they returned to the Gaylord.   Defendant denies the remaining allegations contained in Paragraph 33 of the Second Amended Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Second Amended Complaint.

35. Defendant admits that Mrs. Pike opened her hotel room door.   Defendant denies the remaining allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Second Amended Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Second Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. Defendant admits that he got drinks at the bar and then sat down with Mrs. Pike. Defendant denies the remaining allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Second Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Defendant admits that he asked Mrs. Pike to tell him more about herself and Mrs. Pike stated clearly that she was happily married and had two children. Defendants denies the remaining allegations contained in Paragraph 46 of the Second Amended Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Second Amended Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Second Amended Complaint and therefore denies the same.

49. Defendant denies the allegations contained in paragraph 49 of the Second Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Second Amended Complaint and therefore denies the same.

55. Defendant admits the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Second Amended Complaint and therefore denies the same.

57. Defendant admits that he asked for the address of the Bode where he could meet Mrs. Pike and her female colleagues.  Defendant denies the remaining allegations contained in Paragraph 57 of the Second Amended Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Second Amended Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Second Amended Complaint.

60. Defendant denies that he followed them out and stood right behind Mrs. Pike.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 60 of the Second Amended Complaint and therefore denies the same.

61. Defendant admits that he and another Judge went up to the bar to get drinks and returned to the group and he sat directly beside Mrs. Pike and said, "that bartender doesn't think my jokes are funny." Defendant denies the remaining allegations in Paragraph 61 of the Second Amended Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Second Amended Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Second Amended Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Second Amended Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Second Amended Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Second Amended Complaint.

67. Defendant admits the allegations contained in Paragraph 67 of the Second Amended Complaint.

68. Defendant admits the allegations contained in Paragraph 68 of the Second Amended Complaint.

69. Defendant admits the allegations contained in Paragraph 69 of the Second Amended Complaint.

70. Defendant admits the allegations contained in Paragraph 70 of the Second Amended Complaint.

71. Defendant admits the allegations contained in Paragraph 71 of the Second Amended Complaint.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Second Amended Complaint and therefore denies the same.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Second Amended Complaint and therefore denies the same.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Second Amended Complaint and therefore denies the same.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Second Amended Complaint and therefore denies the same.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Second Amended Complaint and therefore denies the same.

**C. Judge Budd Continues to Harassment in Court**

77. Defendant admits that the next time Mrs. Pike was scheduled to be in treatment court before him was two weeks later. Defendant is without knowledge as to the remaining allegation contained in Paragraph 77 of the Second Amended Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Second Amended Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Second Amended Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Second Amended Complaint.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Second Amended Complaint and therefore denies the same.

82. Defendant denies the allegations contained in Paragraph 82 of the Second Amended Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Second Amended Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Second Amended Complaint.

**D. Judge Budd's Harassment of Mrs. Pike was Part of a Pattern**

85. Defendant denies the allegations contained in Paragraph 85 of the Second Amended Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Second Amended Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Second Amended Complaint.

88. Defendant admits that District Attorney Natasha Irving attended the same NADCP conference described above. Defendant denies the remaining allegations contained in Paragraph 88 of the Second Amended Complaint.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Second Amended Complaint and therefore denies the same.

90. Defendant denies the allegations contained in Paragraph 90 of the Second Amended Complaint.

91. Defendant admits that Ms. Irving introduced herself to him. Defendant denies the remaining allegations contained in Paragraph 91 of the Second Amended Complaint.

92. Defendant admits the allegations contained in Paragraph 92 of the Second Amended Complaint.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Second Amended Complaint and therefore denies the same.

94. Defendant admits the allegations contained in Paragraph 94 of the Second Amended Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Second Amended Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Second Amended Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Second Amended Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Second Amended Complaint.

## COUNT I
### (Equal Protection Violation Under 42 U.S.C. § 1983)

99. Defendant repeats and realleges its responses to Paragraphs 1 through 98 as if fully set forth herein.

100. Defendant denies the allegations contained in Paragraph 100 of the Second Amended Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Second Amended Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Second Amended Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Second Amended Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Second Amended Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by qualified immunity.

2. If any of Defendant's acts are found to have been unlawful and/or unconstitutional, Defendant had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times was acting in good faith.

3. Plaintiff's Second Amended Complaint is barred by the doctrines of assumption of risk, unclean hands, and estoppel.

4. Defendant's actions did not violate any clearly established law and not every reasonable person in Defendant's position would know that their alleged actions violated Plaintiff's constitutional rights.

5. Plaintiff's damages are barred in whole or in part for failing to mitigate her damages.

Dated: May 20, 2025

/s/ *Melissa A. Hewey*
Melissa A. Hewey
Susan M. Weidner
Attorneys for Defendant Charles F. Budd, Jr.

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, Maine 04101-2480
Tel: (207) 772-1941
Fax: (207) 772-3672
mhewey@dwmlaw.com
sweidner@dwmlaw.com